104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ricardo PORTEE, Defendant-Appellant.
 No. 96-1289.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: Patrick Brown, Buffalo, New York.
 Appearing for Appellee: Leibert F. Coppola, Assistant United States Attorney, Western District of New York, Buffalo, New York.
 Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Ricardo Portee appeals from his conviction following a jury trial before Judge Skretny. Portee was convicted of possession of cocaine, in violation of 21 U.S.C. § 844(a); possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2; possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(C), and possession by a felon of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Portee was sentenced to 26 years and 10 months of imprisonment.
 
 
 4
 Portee raises a host of issues on appeal, none of which warrant reversal. He argues that: (i) his conviction, which must be based on proof beyond a reasonable doubt, should be set aside because the district court ruled that Portee's arrest was not based on probable cause; (ii) the evidence was insufficient with respect to the count charging appellant with possession of a firearm in relation to a drug trafficking offense; (iii) the government failed to give him adequate notice of two prosecution witnesses; (iv) the indictment was constructively amended; and (v) his Sixth Amendment right to a speedy trial was violated.
 
 
 5
 Portee was arrested on April 20, 1993, when police executed a search warrant of an apartment in which Portee was temporarily living. The warrant named only the listed occupant of the apartment, Claudia Leonard, a co-defendant. Police officers found drugs in a bedroom closet, in the pocket of a jacket resting on the sofa where the defendant had been sitting, on the floor, and in the refrigerator. Police also discovered a loaded .38 caliber gun under the sofa where Leonard was sitting, which was opposite a second sofa where Portee was seated. Portee was brought to the stationhouse where police found three .38 caliber bullets in his pants pocket.
 
 
 6
 Judge Skretny ruled that insufficient probable cause existed to arrest Portee because the warrant authorized only Leonard's arrest and Portee was arrested before any of the contraband was found in the apartment. Consequently, the bullets found on Portee's person and a comment he made to police at that time were ruled to be inadmissible as the fruits of an illegal arrest.
 
 
 7
 Appellant's argument that the lack of probable cause for his arrest vitiates his conviction on insufficiency grounds is simply wordplay obscuring the fact that the jury verdict was based on different evidence than the probable cause ruling. Judge Skretny's determination that evidence known to the police at the time of Portee's arrest did not amount to probable cause has no bearing whatsoever on the sufficiency of the evidence offered to convict Portee at trial. Indeed it was the drugs and firearm discovered after Portee's arrest pursuant to a valid search warrant that supported Portee's conviction.
 
 
 8
 It is clear that an illegal arrest does not preclude a conviction on the basis of evidence untainted by the arrest. United States v. Crews, 445 U.S. 463, 474 (1980) ("[T]he illegality of [defendant's] detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence untainted by the police misconduct."); see also Gerstein v. Pugh, 420 U.S. 103, 119 (1975).
 
 
 9
 Appellant argues more specifically that the evidence supporting his conviction under 18 U.S.C. § 924(c)(1) for use of a firearm in relation to a drug trafficking crime is insufficient under the recent standard enunciated in Bailey v. United States, 116 S.Ct. 501 (1995). The Court held that in order to sustain a conviction under the "use" prong of the statute, the government must show "active employment of the firearm." Id. at 506. Bailey defined a fairly wide range of conduct that could satisfy this "active employment" requirement, including brandishing or displaying the weapon. Id. at 508. Portee's argument ignores the testimony given at trial by witnesses Willie Brazil and Terrence Bomar relating to an incident earlier on the day that Portee was arrested. They testified that Portee entered Brazil's apartment, brandished a handgun in Brazil's face, and threatened to kill him over a drug dealing dispute. Given Brazil's and Bomar's testimony, the jury had sufficient evidence to convict on the Bailey "active employment" standard.
 
 
 10
 Portee argues that Bomar's and Brazil's testimony should have been excluded because the government failed to give adequate notice that they were to testify. We agree with the district court that Portee had adequate notice of both witnesses. Portee was given a revised witness list listing Brazil on September 11, 1995, approximately six weeks before his trial started on October 31, 1995. This trial was actually Portee's second; his first trial began September 13, 1995, and ended in a hung jury and mistrial on September 19, 1995. Because of the limited notice of Brazil before Portee's first trial, Judge Skretny limited the scope of Brazil's testimony and barred testimony related to certain uncharged conduct. Judge Skretny retained this restriction in the second trial as well. Thus, by the time of the second trial, Portee not only had six weeks notice that Brazil would testify, but he also had the opportunity to hear Brazil's actual testimony.
 
 
 11
 Bomar's name first surfaced during testimony in the first trial, and after the mistrial, the government added his name to the witness list on October 6, 1995, for the second trial. Portee thus had 25 days notice that Bomar would testify. Although appellant now claims prejudice, there is no indication in the record that he sought a continuance on grounds due to inadequate notice. See James v. Kelly, 648 F.Supp. 397, 404 (E.D.N.Y.1986) (rights not violated when continuance not sought on grounds of surprise evidence). There is no automatic obligation for the government to give advance notice to the defendant of prosecution witnesses. United States v. Alessi, 638 F.2d 466, 481 (2d Cir.1980). Finally, there has been no showing by appellant that disclosure of either witness was so late as to deny Portee his right to a fair trial.
 
 
 12
 Portee argues next that admitting Brazil's and Bomar's testimony was error because it amounted to a constructive amendment of the indictment under 18 U.S.C. § 924(c), use of a firearm in relation to a drug trafficking offense. The standard of review for a defendant challenging a conviction on the basis of constructive amendment of the indictment is plain error where, as here, the defendant did not raise the issue before the trial court. United States v. Vebeliunas, 76 F.3d 1283, 1291 (2d Cir.1996).
 
 
 13
 Constructive amendment of an indictment results when the evidence introduced, in combination with the jury instructions, so modify the essential elements of the crime charged that there is a substantial likelihood the defendant was convicted of an offense different than the one for which he was indicted by a grand jury. United States v. Clemente, 22 F.3d 477, 482 (2d Cir.), cert. denied sub. nom., Demolfetto v. United States, 115 S.Ct. 258 (1994). But where the defendant is given notice of the "core of criminality," we have permitted flexibility of proof. United States v. Patino, 962 F.2d 263, 266 (2d Cir.), cert. denied, 506 U.S. 927 (1992).
 
 
 14
 Bomar's and Brazil's testimony do not constructively amend Portee's indictment for use of a firearm in relation to a drug trafficking offense. The indictment under 18 U.S.C. § 924(c) mentions the date of the crime as "on or about" April 20, 1993, the day of the arrest in Leonard's apartment. This was also the day of the brandishing incident about which Bomar and Brazil testified. This count is not limited to conduct within Leonard's apartment; in fact no individual apartment is mentioned. The indictment does specifically mention the serial number of the handgun found in Leonard's apartment to identify the firearm in the charge. However, Bomar testified that the gun in the brandishing episode looked "similar" to the gun referred to in the indictment and introduced into evidence at trial. A jury could reasonably infer that the gun in the indictment and in Bomar's testimony was the same. Furthermore, courts have held that the specific type of firearm alleged in the indictment is not even an "essential element" of an indictment under § 924(c)(1) for purposes of constructive amendment analysis and have affirmed convictions where the evidence proved a different type of weapon. See Patino, 962 F.2d at 266 (citing United States v. Robison, 904 F.2d 365, 369 (6th Cir.), cert. denied, 498 U.S. 946 (1990)). The district court's ruling that the appellant had notice of the "core of criminality" of the charged offense is not error.
 
 
 15
 Portee's final argument is that his constitutional right to a speedy trial has been violated. We disagree with Portee for substantially the reasons stated by Judge Skretny in his pre-trial decision and order, United States v. Leonard, No. 93-CR-167s (W.D.N.Y. August 9, 1995).
 
 
 16
 We therefore affirm.